**RUSS, AUGUST & KABAT**
Marc A. Fenster, CA SBN 181067
mfenster@raklaw.com
Reza Mirzaie, CA SBN 246953
rmirzaie@raklaw.com
Philip X. Wang, CA SBN 262239
pwang@raklaw.com
Kent N. Shum, CA SBN 259189
kshum@raklaw.com
Christian Conkle, CA SBN 306374
cconkle@raklaw.com
James N. Pickens, CA SBN 307474
jpickens@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Tel: (310) 826-7474
Fax: (310) 826-6991

*Attorneys for Plaintiff*
XR Communications, LLC, dba Vivato Technologies

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XR COMMUNICATIONS, LLC, dba VIVATO TECHNOLOGIES,<br><br>*Plaintiff*,<br><br>v.<br><br>D-LINK SYSTEMS, INC., *et al.*<br><br>*Defendants*. | 8:17-cv-596-AG(JCGx)-LEAD CASE<br><br>**DECLARATION OF KENT N. SHUM IN SUPPORT OF PLAINTIFF XR COMMUNICATIONS, LLC'S MOTION TO COMPEL VENUE DISCOVERY FROM DEFENDANT RUCKUS WIRELESS, INC.**<br><br>Date:      January 22, 2018<br>Time:     10:00 a.m.<br><br>Hon. Andrew J. Guilford<br>Courtroom 10D |

DECL. OF KENT N. SHUM IN SUPPORT OF XR COMMUNICATIONS, LLC'S MOTION TO COMPEL

I, Kent N. Shum, state as follows:

1. I am an attorney at the law firm of Russ August & Kabat, counsel for Plaintiff XR Communications, LLC d/b/a Vivato Technologies ("Vivato") in this action, and a member in good standing of the bar of California and of this court. I make all statements herein based on my personal knowledge.

2. Attached as Exhibit 1 is a true and correct copy of the E-mail chain between me and Ruckus's counsel between November 17, 2017, and November 21, 2017, regarding the Motion to Compel and request for a meet and confer.

3. Attached as Exhibit 2 is a true and correct copy of Vivato's Interrogatories (Nos. 6-7), served on Ruckus on November 6, 2017.

4. Attached as Exhibit 3 is a true and correct copy of Vivato's Requests for Admission (Nos. 11-13), served on Ruckus on November 6, 2017.

5. Attached as Exhibit 4 is a true and correct copy of Vivato's 30(b)(6) Deposition Notice of Ruckus, served on Ruckus on November 6, 2017.

6. Attached as Exhibit 5 is a true and correct copy of Ruckus's objections and responses to Vivato's Interrogatories (Nos. 6-7).

7. Attached as Exhibit 6 is a true and correct copy of Ruckus's objections and responses to Vivato's Requests for Admission (Nos. 11-13).

8. Attached as Exhibit 7 is a true and correct copy of Ruckus's objections and responses to Vivato's 30(b)(6) Deposition Notice of Ruckus.

9. Attached as Exhibit 8 is a true and correct copy of the Court's October 24, 2017 Discovery Order, allowing Vivato to serve three requests for admission and two interrogatories, and notice a two-hour 30(b)(6) deposition of Ruckus for venue discovery (ECF No. 70).

10. Attached as Exhibit 9 is a true and correct copy of the Court's November 3, 2017 Order denying Ruckus's ex parte application for a protective order limiting venue discovery (ECF No. 80).

11. Attached as Exhibit 10 is a true and correct copy of the E-mail chain

1  between Vivato's counsel and Ruckus's counsel between November 4, 2017, and
2  November 7, 2017, regarding Vivato's venue discovery.

3      12.    Attached as Exhibit 11 is a true and correct copy of the E-mail chain
4  between Vivato's counsel and Ruckus's counsel between October 24, 2017, and
5  October 30, 2017, regarding Vivato's venue discovery.

6      13.    Attached as Exhibit 12 is a true and correct copy of *Bristol-Myers*
7  *Squibb Co. v. Aurobindo Pharma USA Inc.*, No. 17-374-LPS (D. Del. Nov. 28,
8  2017).

9      14.    On November 17, 2017, I sent an E-mail to counsel for Ruckus,
10 requesting a meet and confer under Local Rule 37-1 to address the discovery
11 dispute, namely Ruckus's objections and its refusal to provide discovery. Ex. 1 at
12 5-6. The E-mail identified the discovery issues and notified Ruckus that its
13 objections were overbroad, inappropriate, and contrary to the Court's October 24
14 and November 3 Orders that permitted Vivato to seek its requested discovery. *Id.*;
15 Discovery Order at 2 (Ex. 8); *see* Order at 2 (Ex. 9) (denying Ruckus's request for
16 a protective order limiting the discovery sought). The November 17, 2017 E-mail
17 stated that Vivato would seek an order compelling Ruckus to respond to the written
18 discovery (ROGs 6-7, and RFAs 11-13) and to produce witnesses for the 30(b)(6)
19 deposition. Ex. 1 at 6. Vivato's counsel had previously attempted to meet and
20 confer with Ruckus's counsel on the same discovery issues. *See* Ex. 10 at 1-4; *see*
21 *also* Ex. 11 at 1-11.

22     15.    On November 20, Ruckus's counsel responded via E-mail, objecting
23 to the timing of the deposition and alleging that Ruckus did not understand the
24 nature of the discovery dispute. Ex. 1 at 4-5. The E-mail stated that Ruckus would
25 only permit limited discovery as permitted under *In re Cray*. *Id.* The E-mail,
26 however, did not state that Ruckus would supplement its responses or when it
27 would actually produce witnesses for deposition.

28     16.    Later that same day, I responded by E-mail and offered to work with

Ruckus on a deposition date, requesting Ruckus to respond by November 27 to offer deposition dates. Ex. 1 at 3. I also explained that Ruckus's interpretation of allowable discovery under *Cray* was too narrow and therefore, any objections based on that narrow interpretation were improper. *Id.* I also requested that Ruckus verify its interrogatory responses as required under Federal Rule of Civil Procedure 33(b)(3) and (5). *Id.* I repeated my request to meet and confer under Local Rule 37-1, explaining that Vivato may file a unilateral motion to compel under Local Rule 37-2.4 if Ruckus would not meet and confer in a timely matter as required by Local Rule 37-1. *Id.* at 4.

17. On November 21, Ruckus responded via E-mail, further explaining its interpretation of *Cray* and Ruckus's discovery position, including providing over a page of quotations from *Cray* that allegedly supports Ruckus's interpretation. Ex. 1 at 1-2. And though Ruckus suggested that it would produce a 30(b)(6) witness for some of the topics, its offer came with conditions that were unacceptable to Vivato. *Id.* at 1. Even so, Ruckus did not offer any deposition dates. Ruckus again alleged that Vivato failed to provide adequate notice under Local Rule 37-1, and refused to meet and confer until "XR complies with L.R. 37-1 and provides Ruckus the required information." *Id.* at 1.

18. To date, Ruckus has not met and conferred with Vivato regarding the discovery dispute stated in Vivato counsel's November 17 and November 20 E-mails at all, let alone in a timely manner, pursuant to Local Rule 37-1.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: December 11, 2017            /s/ Kent N. Shum
                                    Kent N. Shum