**Counsel Listed on Signature Page**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| XR COMMUNICATIONS dba VIVATO TECHNOLOGIES, | CASE NO. 8:17-cv-0596-AG(JGCx) consol with SACV 17-0674-AG(JCGx), EDCV 17-0744-AG(JCGx), CV 17-2945-AG(JCGx), CV 17-2948-AG(JCGx), CV 17-2951-AG(JCGx), CV 17-2953-AG(JCGx), CV 17-2959-AG(JCGx), CV 17-2961-AG(JCGx) and CV 17-2968-AG(JCGx) |
| *Plaintiff,* | |
| v. | |
| D-LINK SYSTEMS, INC., *et al.* | |
| *Defendants.* | |

**CORRECTED STIPULATED PROTECTIVE ORDER BETWEEN XR COMMUNICATIONS DBA VIVATO TECHNOLOGIES AND CISCO SYSTEMS, INC.**

Hon. Andrew J. Guilford

XR Communications, LLC, dba Vivato Technologies, Cisco Systems, Inc., (all the above collectively the "Parties," individually a "Party"), by and through their respective counsel of record, stipulate that the following Corrected Stipulated Protective Order shall apply in the above-captioned action, subject to approval and entry by the Court.  This corrected version of the Stipulated Protective Order includes Exhibit A which was inadvertently omitted from the Stipulated Protective Order issued on March 6, 2018.

## 1. PURPOSE AND LIMITS OF THIS ORDER

The Parties agree discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation.  Accordingly, the Parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge that this Order does not automatically authorize the filing under seal of material designated under this Order.  Instead, the Parties must comply with L.R. 79-5.1 if they seek to file anything under seal.  This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL

**2.1** **Over-Designation Prohibited**. Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" (a "designator") must only designate specific material that qualifies under the appropriate standards.  To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited.  Mass, indiscriminate, or routinized designations are prohibited.  Unjustified designations expose the designator to sanctions, including the Court's striking all

confidentiality designations made by that designator. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

**2.2   Manner and Timing of Designations**. Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

      **2.2.1** A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY. After the inspecting party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

      **2.2.2** Parties shall give advance notice if they expect a deposition or other proceeding to include designated material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is

disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

      **2.3**     **Inadvertent Failures to Designate**. An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients must make reasonable efforts to ensure that the material is treated according to this Order.

## 3. CHALLENGING CONFIDENTIALITY DESIGNATIONS

      All challenges to confidentiality designations shall proceed under L.R. 37-1 through L.R. 37-4.

## 4. ACCESS TO DESIGNATED MATERIAL

      **4.1**     **Basic Principles**. A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of persons and under the conditions described in this Order.

      **4.2**     **Disclosure of CONFIDENTIAL Material Without Further Approval**. Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

            **4.2.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

**4.2.2** The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.3** Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.4** The Court and its personnel;

**4.2.5** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

**4.2.6** During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

**4.2.7** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.3     Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY and HIGHLY CONFIDENTIAL – SOURCE CODE Material Without Further Approval**. Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE without further approval only to:

**4.3.1** The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

**4.3.2** The Court and its personnel;

**4.3.3** Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

**4.3.4** The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

**4.4 Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE Material to In-House Counsel or Experts**. Unless agreed to in writing by the designator:

**4.4.1** A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making. In-house counsel are not authorized to receive material designated HIGHLY CONFIDENTIAL – SOURCE CODE.

**4.4.2** A party seeking to disclose to an expert retained by outside counsel of record any information or item that has been designated HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE must first make a written request to the designator that (1) identifies the general categories of HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information that the receiving party seeks permission to disclose to the expert, (2) sets forth the full name of the expert and the city and state of his or her primary residence, (3) attaches a copy of the expert's current resume, (4) identifies the expert's current employer(s), (5) identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise (including in connection with litigation) in the past five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation where the expert has offered expert testimony, including by declaration, report, or

testimony at deposition or trial, in the past five years.  If the expert believes any of this information at (4) - (6) is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose the information to the expert shall be available to meet and confer with the designator regarding any such confidentiality obligations.

**4.4.3** A party that makes a request and provides the information specified in paragraphs 4.4.1 or 4.4.2 may disclose the designated material to the identified in-house counsel or expert unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

**4.4.4** All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

## 5. <u>SOURCE CODE</u>

**5.1 Designation of Source Code**. If production of source code is necessary, a party may designate it as HIGHLY CONFIDENTIAL – SOURCE CODE if it is, or includes, confidential, proprietary, or trade secret source code.

**5.2 Location and Supervision of Inspection**. Any HIGHLY CONFIDENTIAL – SOURCE CODE produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the designating party's counsel or another mutually agreeable location.  The source code shall be made available for inspection on a secured stand-alone computer (that is, a computer not connected to a network, the Internet, or any peripheral device, except that the stand-alone computer may be connected to a printer or printers and dual-display monitors and will have a mouse connected, all other ports must be disabled) in a secured room, and the inspecting party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device.  No recordable media or recording devices of any

kind, including without limitation cameras, cellular telephones, CDs, DVDs, and disk drives, may be permitted into the room containing the source code computers (other than the non-networked computer that the producing party will provide for purposes of typing notes).The producing party may visually monitor the activities of the inspecting party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

The receiving party's outside counsel and/or expert shall be entitled to take notes relating to the source code. Such notes shall not be used as an end-run around the limits on printing source code set forth in this Order. The receiving party's outside counsel and/or expert may copy terms used in the source code into the notes only to the extent reasonably necessary to support or rebut the claims and defenses of the parties in this case. The receiving party's outside counsel and/or expert may not copy complete code modules or lines of the source code into the notes. If the notes contain any source code, then the notes will be treated and marked as "HIGHLY CONFIDENTIAL – SOURCE CODE." Otherwise, such notes shall be considered and marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." To the extent that the receiving party's outside counsel and/or expert requests to take notes electronically, rather than by handwriting, the producing party shall provide a non-networked laptop computer in the room in which a source code computer is located, which the receiving party's outside counsel and/or expert may use to type their notes. The laptop will be connected to a nonnetworked printer and shall include both Notepad++ and sdelete software utilities. The receiving party's outside counsel and/or expert may print a copy of their notes at the end of each day of review only on paper pre-marked with the appropriate confidentiality designation, which will be provided by the producing party. Such notes shall be considered the work product of the receiving party; and the producing party shall make no attempt to retrieve the receiving party's notes from the non-networked computer. The receiving party's expert may scan the printed notes into electronic files so long as the notes do not contain source code. Such scanning may be performed only on a non-

networked scanner (to be provided by the producing party) connected to the non-networked laptop computer in the room in which a source code computer is located. Such scanned copy of the notes may be copied from the non-networked laptop onto an encrypted flash drive (the Producing Party will provide two such flash drives, which may be reused throughout the action), which the reviewer may take with them at the end of the day. Any notes generated from the source code review may be shared with outside counsel and with any outside experts or consultants who are approved to view material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under paragraph 4.3 of this Order. One paper copy of the reviewer's notes may be made for outside counsel, and one additional paper copy may be made for each authorized outside expert or consultant (up to a maximum of 5 copies total for all experts and consultants). No electronic "soft" copies of the reviewer's notes may be made except as otherwise permitted under this Order. Notice shall be provided to the Producing Party when any copy of a reviewer's notes is created or transmitted under this paragraph. Except as permitted above, no copies of all or any portion of source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of source code is permitted except as otherwise provided herein. Finally, there shall be no wholesale copying of source code.

**5.3 Persons Having Access to Source Code.** At least five (5) business days prior to the date on which first access by a particular individual is sought to the secured stand-alone computer (five-day notice period), outside counsel of record for the inspecting party shall provide a list of individuals, including attorneys, seeking to access to the stand-alone computer. The producing party shall have the right to object to such access in accordance with this Section 4.4. During the pendency of the five-day notice period, no listed individual shall have access to the stand-alone computer, unless otherwise agreed by the parties. If an objection to any specific listed individual is made, that

1    individual shall not have access to the stand-alone computer until resolution of such

2    objection.

3          **5.4 Paper Copies of Source Code Excerpts**. Except as otherwise provided herein,

4    no copies of any portion of the source code may leave the secure location in which the

5    source code is inspected.  Further, except as provided herein, no written or electronic

6    record of the source code is permitted.  Notwithstanding the foregoing, the inspecting

7    party may request printed copies of specific portions of source code designated as

8    HIGHLY CONFIDENTIAL - SOURCE CODE.  Within two (2) business days of the

9    printing request, the producing party must either (i) provide up to three (3) paper copies

10   of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE including

11   Bates numbers and appropriate confidentiality labels when printed, as they appear on any

12   stand-alone computers, of each requested file, correlated to the beginning Bates number

13   of the corresponding print-out, or, alternatively, the producing party may brand printouts

14   with the filepath and filename of each file, as it appears on any stand-alone computer; or

15   (ii) object that a printing request is excessive and/or not done for a permitted purpose.

16   The producing party must retain copies of any portions of source code printed.  The entire

17   code or an unreasonably large portion of the code must not be requested.  The inspecting

18   party is not entitled to request copies in order to review blocks of source code designated

19   as HIGHLY CONFIDENTIAL – SOURCE CODE elsewhere in the first instance, i.e., as

20   an alternative to reviewing the materials electronically on the stand-alone computers

21   provided by the producing party, as the parties acknowledge and agree that the purpose of

22   the protections herein would be frustrated by printing portions of code for review and

23   analysis elsewhere.  Printouts of the source code that exceed 50 continuous pages or 15%

24   or more of a specific software release will be presumed excessive unless the inspecting

25   party provides a compelling justification that such printed portions are necessary.  For

26   example, if the requested portion of the source code comprises a complete code module

27   that is directly relevant to the operation of the accused instrumentality, yet that requested

28   portion exceeds the aforementioned page limits, such request may be deemed a

compelling justification. If the producing party objects within two (2) business days of a printing request that the printing request is excessive and/or not done for a permitted purpose, the producing party and inspecting party will meet and confer within two (2) business days of the producing party's objection. If the producing party and the inspecting party cannot resolve the objection, the inspecting party may, within two (2) business days after the meet and confer, seek the Court's resolution of whether the request is narrowly tailored for a permitted purpose. The burden will be on the inspecting party to demonstrate that such portions are no more than is reasonably necessary for a permitted purpose, and not merely for the purpose of review and analysis in another location.

**5.5 Access Record**. The inspecting party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form and such record shall include (i) the name of each person who accessed the source code; (ii) the date of access; and (iii) the location of access. The inspecting party must produce such log to the producing party within one month of final disposition of this action or, during this action, upon seven (7) business days' advance notice to inspecting party only when the producing party has a good faith reasonable basis for believing that a violation of Section 5.4 of this Stipulated Protective Order has occurred and explains the basis for such belief in writing at the time of the request for the log. The inspecting party shall maintain all paper copies of any printed portions of the source code in a secured, locked area at the office of the inspecting party's outside counsel of record in this action. The inspecting party may not reproduce the paper copies of the source code, absent written agreement of the producing party. The inspecting party shall not convert any of the information contained in the paper copies into any electronic format other than for the preparation of a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document. Any paper copies used during a deposition shall be retrieved at the end of each day and must not be left with a court reporter or any other unauthorized individual.

**5.6 Use of Source Code in Deposition**. A party that wants to use any printouts of Source Code designated as HIGHLY CONFIDENTIAL – SOURCE CODE at a deposition must notify the producing party in writing at least three (3) calendar days before the date of the deposition about the specific pages the party intends to actually use at the deposition by Bates production number, and the producing party will bring printed copies of those portions of the code to the deposition.  Copies of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE that are marked as deposition exhibits must not be provided to the court reporter or attached to deposition transcripts; rather the deposition record will identify such an exhibit by its production numbers. All printouts of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE brought to a deposition must be collected by the producing party at the conclusion of the deposition. In addition (or as an alternative to the use of printouts at a deposition), the producing party shall, on request, make a copy of the source code available on a single stand-alone computer (but otherwise in the same format in which the source code is available under Section 5.2 above) during depositions of witnesses who would otherwise be permitted access to such source code.  The requesting party shall make such requests at least seven (7) calendar days before the deposition.  The producing party shall make reasonable efforts to comply with such a request made less than seven (7) calendar days before a deposition, provided the request is made in good faith and could not reasonably under the circumstances have been made sooner.

**5.7 Electronic Images and Electronic Copies of Source Code**.  Except as provided herein, absent express written permission from the producing party, the inspecting party may not create electronic images, or any other images, or make electronic copies, of the source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE from any paper copy of the source code for use in any manner (including, by way of example only, the inspecting party may not scan source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE to a PDF or photograph the code).  Paper copies of the source code designated as HIGHLY CONFIDENTIAL –

SOURCE CODE also may not be converted by the inspecting party into an electronic document, and may not be scanned using optical character recognition ("OCR") technology. The exception to this restriction is for the inspecting party's expert reports, including any rebuttal reports, and for filings with the Court (subject to the limitations below). In order to safeguard the producing party's source code that may be replicated in an expert report, the parties agree that any copies of such reports that include any portion of the producing party's source code may not be transmitted electronically, but must be served by hand delivery or via FedEx next-day delivery. If hard copy documents containing material designated "HIGHLY CONFIDENTIAL - SOURCE CODE" are transported via FedEx, the documents must be secured in a document lock-box. Documents may also be delivered via FedEx next-day delivery on an encrypted USB drive. For avoidance of doubt, copies of such reports where any source code has been redacted or removed may be transmitted electronically subject, however, to the other provisions herein. Images or copies of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE must not be included in correspondence between the parties (references to production numbers must be used instead), and must be omitted from pleadings and other papers whenever possible. If the receiving party reasonably believes that it needs to submit a portion of source code designated as HIGHLY CONFIDENTIAL – SOURCE CODE as part of a filing with the Court, the parties must meet and confer as to how to make such a filing while protecting the confidentiality of the source code. If the parties are unable to reach agreement at the meet and confer about how such filing shall be made, the inspecting party agrees that it must observe the following minimum protections in making the filing: (i) the inspecting party will rely on expert declarations or other means to describe the relevant feature or functionality of the source code (including by identifying the corresponding production number(s) and line number(s) of the referenced source code), rather than copying portions of the source code into a filing, to the extent possible; (ii) if any portion of source code is included in a filing, the inspecting party will copy the minimal amount of source code that is necessary

for purposes of that filing; (iii) the filing will be made only under seal, and all confidential information concerning the source code must be redacted or removed in any public versions of the filed documents; and (iv) the inspecting party's communication and/or disclosure of electronic files or other materials containing any portion of source code in connection with a filing must at all times be limited solely to individuals who are expressly authorized to view source code under the provisions of this Order, and all such individuals must be identified on the log as reviewers and/or recipients of paper copies in accordance with Section 5.4..

## 6. PROSECUTION BAR

Absent written consent from the designator, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE information shall not be involved in the prosecution of patents or patent applications concerning the field of the invention of the patents-in-suit for the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this action and for one year after its conclusion, including any appeals. "Prosecution" means drafting, amending, advising on the content of, or otherwise affecting the scope or content of patent claims or specifications. These prohibitions shall not preclude counsel from participating in reexamination or *inter partes* review proceedings to challenge or defend the validity of any patent, but counsel may not participate in the drafting of amended claims in any such proceedings.

## 7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

**7.1 Subpoenas and Court Orders**. This Order in no way excuses non-compliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

**7.2** **Notification Requirement**. If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY, or HIGHLY CONFIDENTIAL – SOURCE CODE, that party must:

       **7.2.1** Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

       **7.2.2** Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

       **7.2.3** Cooperate with all reasonable procedures sought by the designator whose material may be affected.

**7.3** **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEY EYES ONLY or HIGHLY CONFIDENTIAL – SOURCE CODE before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

**8.** <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 10. FILING UNDER SEAL

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5.1. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designator seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

## 11. FINAL DISPOSITION

Within 60 days after the final disposition of this action, each party shall return all designated material to the designator or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The receiving party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all

the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain designated material. Any such archival copies remain subject to this Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  March 2, 2018

Respectfully submitted,

**RUSS AUGUST & KABAT**

By: */s/* Christian W. Conkle
Marc A. Fenster
Reza Mirzaie
Philip X. Wang
Kent N. Shum
Christian W. Conkle
Minna Y. Chan

*Attorneys for Plaintiff*
XR COMMUNICATIONS, LLC,
dba VIVATO TECHNOLOGIES

**KIRKLAND & ELLIS LLP**

By: */s/ Sarah E. Piepmeier*
Sarah E. Piepmeier
Email: sarah.piepmeier@kirkland.com
Adam R. Alper
Email: adam .alper@kirkland.com
Sarah L. Forney
Email: sarah.forney@kirkland.com
555 California Street
San Francisco, CA 94104
Tele: 415/439-1400
Fax: 415/439-1500

Michael W. De Vries
Email: michael.devries@kirkland.com
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
Tele: 213/680-8400
Fax: 213/680-8500

*Attorneys for Defendant*
CISCO SYSTEMS, INC.

1 | **SIGNATURE ATTESTATION**

2 |      Pursuant to Local Civil Rule 5-4.3.4(a)(2), the undersigned attests that the

3 | signatories listed, and on whose behalf this filing is submitted, concur in the filing's

4 | content and have authorized the filing.

5 | DATED:  March 2, 2018          */s/ Sarah E. Piepmeier*
Sarah E. Piepmeier

6 |

7 |

8 | PURSUANT TO STIPULATION, IT IS SO ORDERED.

9 |

10 |

11 | DATED:  <u>March 23, 2018</u>          Honorable Judge Jay C. Gandhi
United States Magistrate Judge

## AGREEMENT TO BE BOUND

I, _____ [print or type full name],

of _____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Protective Order that was issued by the United States District Court for the Central

District of California on _____ [date] in the case of _____

_____ [insert formal name of the case and the

number and initials assigned to it by the court]. I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment for contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to

this Protective Order to any person or entity except in strict compliance with this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Central District of California for the purpose of enforcing this Order, even if such

enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name]

of _____[print

or type full address and telephone number] as my California agent for service of process

in connection with this action or any proceedings related to enforcement of this Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

        [printed name]

Signature: _____

        [signature]