UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00596-DOC-JDE                      Date: January 4, 2022

Title: XR COMMUNICATIONS, LLC v. D-LINK SYSTEMS, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

| PROCEEDINGS (IN CHAMBERS): | ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS [252] |
|---|---|

       Before the Court is Defendants Aruba Networks LLC, Asus Computer International, Asustek Computer, Inc., Belkin International, Inc., Cisco Systems, Inc., D-Link Systems, Inc., Extreme Networks, Inc., Netgear, Inc., and Ubiquiti Inc.'s ("Defendants") Motion for Judgment on the Pleadings ("Motion" or "Mot.") (Dkt. 252). Defendants request that the Court dismiss Plaintiff XR Communications, Inc.'s ("XR" or "Plaintiff") claims relating to U.S. Patent No. 6,661,231 ("the '231 patent") based on collateral estoppel. The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court **GRANTS** Defendants' motion and **VACATES** the hearing scheduling for January 10, 2022.

### I.    Background

       This case arises out of several patent infringement suits filed by Plaintiff against each of the Defendants. *See* Mot. at 1. One case was transferred to the Northern District of California based on improper venue and a second was dismissed and refiled in the Northern District; the remaining cases were consolidated in this Court and then stayed in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00596-DOC-JDE    Date: January 4, 2022
Page 2

2018 pending *inter partes* review ("IPR") on all of the asserted patents. *Id.* at 3. The IPRs resulted in the invalidation of all patents asserted in the complaint except the '231 patent. *Id.*

After the IPRs were completed, the Northern District court lifted its stay and the parties engaged in claim construction on the '231 patent. *Id.* On September 1, 2021, Judge Orrick in the Northern District held that claims 1, 5, and 12 of the '231 patent were indefinite. Claim Construction Order (Dkt. 253-1).[1] On October 5, 2021, the parties agreed by stipulation to entry of final judgment against Plaintiff that "the asserted claims of the '231 patent are invalid under 35 U.S.C. §112, ¶2, for the reasons set forth in the Court's Claim Construction Order." Stipulation (Dkt. 253-3). Judge Orrick accordingly entered judgment on October 15, 2021. Final Judgment (Dkt. 253-2). Plaintiff appealed that claim construction order and judgment to the Federal Circuit on November 2, 2021. Mot. at 3 n.2.

On November 24, 2021, Defendants filed the instant Motion for Judgment on the Pleadings. Plaintiff opposed Defendants' motion on December 20, 2021 ("Opp'n") (Dkt. 268), and Defendants replied on December 27, 2021 ("Reply") (Dkt. 271).

## II. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Like a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *See id.* Indeed, a Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Therefore, all allegations of fact by the party opposing the motion are accepted as true, and the complaint is construed in the light most favorable to the non-moving party. *McGlinchey v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

---

[1] The Court takes judicial notice of the filings in this case. A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:17-cv-00596-DOC-JDE                                           Date: January 4, 2022
                                                                                                          Page 3

      As with Rule 12(b)(6) motions, "[g]enerally, a district court may not consider any material beyond the pleadings[.] . . . [but] material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss[,]" or on a Rule 12(c) motion, without converting the motion into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded by statute on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006).

      The Court, however, need not accept as true allegations contradicted by judicially noticeable facts, *see Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and it "may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(c) motion into a motion for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). Nor must the Court "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation marks omitted). Mere "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a motion for judgment on the pleadings. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### III. Discussion

      The law of the regional circuit applies to the general procedural question of whether issue preclusion (or collateral estoppel) applies in a patent infringement suit. *Soverain Software LLC v. Victoria's Secret Direct Brand Mgmt., LLC*, 778 F.3d 1311, 1314 (Fed. Cir. 2015). The requirements for collateral estoppel in the Ninth Circuit are: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated; (2) the first proceeding ended with a final judgment on the merits; and (3) the party against whom collateral estoppel is asserted was a party or in privity with a party in the first proceeding. *Hydranautics v. FilmTec Corp.*, 204 F.3d 880, 885 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00596-DOC-JDE                                   Date: January 4, 2022
                                                                  Page 4

     Defendants argue that collateral estoppel applies to Plaintiff's '231 patent claims since the Northern District case involved identical issues of invalidity, was a final judgment on the merits, and XR as Plaintiff in both cases had a full and fair opportunity to litigate. Mot. at 5. Plaintiff does not dispute that the elements of collateral estoppel are met, but asks the Court to exercise its discretion and enter a stay pending the Federal Circuit's resolution of the claim construction appeal. Opp'n at 1. Plaintiff argues that a stay would avoid the need to re-open and vacate entry of judgment as to each Defendant if the Federal Circuit reversed the claim construction order and judgment. *Id.* at 3.

     "[T]he pendency of an appeal has no effect on the finality or binding effect of a trial court's holding." *Pharmacia & Upjohn Co. v. Mylan Pharms., Inc.*, 170 F.3d 1373, 1381 (Fed. Cir. 1999) (citing *Deposit Bank v. Bd. of Councilmen of City of Frankfort*, 191 U.S. 499 (1903)). Moreover, "the fact that post-trial motions are pending does not affect the finality of a judgment and thus does not prevent its preclusive effect. *Id.*

     Although "[t]his rule creates the potential for a collateral estoppel-based judgment based on a prior judgment that is subsequently vacated or reversed on appeal," the Ninth Circuit has "held that the benefits of giving a judgment preclusive effect pending appeal outweigh any risks of a later reversal of that judgment." *Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 882-83 (9th Cir. 2007) (citing *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (per curiam)). Given the Ninth Circuit's clear instructions, the Court finds that the elements of collateral estoppel are met with respect to Plaintiff's claims involving the '231 patent. Accordingly, the Court GRANTS Defendants' Motion for Judgment on the Pleadings. The Court enters a complete judgment in favor of defendants Cisco Systems, Inc., Extreme Networks, Inc., Asus Computer International, and Asustek Computer, Inc. (against which the '231 Patent is the only asserted patent in this case) and a partial judgment in favor of defendants D-Link Systems, Inc., Belkin International, Inc., Aruba Networks, LLC, NETGEAR, Inc., and Ubiquiti Inc. (against which XR has asserted additional patents in this case) with respect to XR's claims alleging infringement of the '231 Patent.

## IV. Disposition

     For the reasons explained above, the Court GRANTS Defendants' Motion for Judgment on the Pleadings. All claims against Defendants Cisco Systems, Inc., Extreme Networks, Inc., Asus Computer International, and Asustek Computer, Inc. are hereby DISMISSED WITH PREJUDICE. Plaintiff's claims alleging infringement of the '231 patent against Defendants D-Link Systems, Inc., Belkin International, Inc., Aruba

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:17-cv-00596-DOC-JDE    Date: January 4, 2022
Page 5

Networks, LLC, NETGEAR, Inc., and Ubiquiti Inc. are hereby DISMISSED WITH PREJUDICE. The motion hearing scheduled for January 10, 2022 is hereby VACATED.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11    Initials of Deputy Clerk: kdu

CIVIL-GEN