Robert T. Haslam (SBN 71134)
rhaslam@cov.com
Anupam Sharma (SBN 229545)
asharma@cov.com
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306-2112
Telephone: 650-632-4700
Fax: 650-632-4800

Attorneys for Defendant Aruba Networks, LLC

[Additional counsel on signature page]

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| XR COMMUNICATIONS, LLC dba VIVATO TECHNOLOGIES,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>D-LINK SYSTEMS, INC., et al.,<br><br>　　　Defendants. | Case No.: 8:17-cv-00596-DOC (LEAD)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE AND SET EARLY TRIAL DATE ON INEQUITABLE CONDUCT**<br><br>Hearing:　　November 21, 2022<br>Time:　　　8:30 a.m.<br>Courtroom: 10A |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................1

II.    BACKGROUND .................................................................................................2

    A.    XR's Inequitable Conduct ............................................................................2

    B.    Procedural History ........................................................................................3

III.    ARGUMENT ......................................................................................................3

    A.    The Court Has Discretion To Set An Early Bench Trial On Inequitable Conduct ................................................................................3

    B.    An Early Trial Of Equitable Issues Will "Expedite and Economize" Resolution Of The Consolidated Cases ......................................................4

    C.    CONCLUSION ............................................................................................6

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*3D Med. Imaging Sys., LLC v. Visage Imaging, Inc.*,
    228 F. Supp. 3d 1331 (N.D. Ga. 2017)..............................................................3

*Adv. Magnetic Closures, Inc. v. Rome Fastener Corp.*,
    607 F.3d 817 (Fed. Cir. 2010)..........................................................................6

*Agfa Corp. v. Creo Prods. Inc.*,
    451 F.3d 1366 (Fed. Cir. 2006)..................................................................... 1, 4

*Armament Sys. and Procedures, Inc. v. IQ Hong Kong, Ltd.*,
    No. 00-C-1257, 2007 WL 101230 (E.D. Wis. Jan. 10, 2007)...........................6

*Bravo Sports, Inc. v. N. Pole (US) LLC*,
    No. SA CV 05-418 DOC, 2008 WL 11343313 (C.D. Cal. Feb. 6, 2008)........ 4, 6

*Gardco Mfg., Inc. v. Herst Lighting Co.*,
    820 F.2d 1209 (Fed.Cir.1987)...................................................................... 1, 4

*McKesson Info. Sols., Inc. v. Bridge Med., Inc.*,
    487 F.3d 897 (Fed. Cir. 2007)...........................................................................5

*MySpace, Inc. v. Graphon Corp.*,
    732 F. Supp. 2d 915 (N.D. Cal. 2010)............................................................ 4, 5

*Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*,
    924 F.3d 1243 (Fed. Cir. 2019).........................................................................5

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    No. C 04-4379 JF (RS), 2009 WL 1404689 (N.D. Cal. May 19, 2009).......... 4, 5

*Warrior Lacrosse, Inc. v. STX, L.L.C.*,
    No. 04-70363, 2007 WL 2421418 (E.D. Mich. Aug. 23, 2007).........................5

**FEDERAL STATUTES**

35 U.S.C. § 285...................................................................................................6

35 U.S.C. § 299(c)...............................................................................................5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE AND SET EARLY TRIAL DATE ON INEQUITABLE CONDUCT

**RULES - OTHER**

Fed. R. Civ. P. 42(b) ....................................................................................... 1, 3

## I.    INTRODUCTION

In order to "expedite and economize," if this case is not stayed pending *inter partes* review, the Court should bifurcate and try inequitable conduct prior to the first jury trial set for January 17, 2023.  *See* Fed. R. Civ. P. 42(b).  The parties do not dispute that a separate bench trial of inequitable conduct is appropriate here, but disagree as to the timing: Defendants propose a consolidated bench trial prior to any jury trial, and Plaintiff proposes that inequitable conduct be tried  during jury deliberations.  An early bench trial would promote judicial efficiency because the issue is discrete, and if Defendants prevail, would end the case and avoid multiple jury trials.  In addition, an early consolidated bench trial would avoid the risk of trying the defense multiple times in conjunction with multiple jury trials, should the first Defendant to try the issue not prevail.  Thus, *no matter the outcome,* trying inequitable conduct prior to any jury trial is more efficient than Plaintiff's proposal to try  inequitable conduct during jury deliberations.  Defendants therefore respectfully request that the Court bifurcate inequitable  conduct and set it  for trial at the earliest available date.

Defendants' allegation  is that Mr. Burke (an attorney for XR) and Mr. Schwedler (an attorney for XR's predecessor in interest) committed inequitable conduct when they intentionally made a false certification to the PTO without which the patents-in-suit would never have issued.  This issue does not implicate any prior art defense or any other question before the jury. Defendants do not anticipate that any fact witness would overlap between a bench trial of inequitable conduct and the jury trial.  Thus, there is no reason to try this equitable issue to the jury, or to postpone the issue until after the jury trial.  *See Agfa Corp. v. Creo Prods. Inc.*, 451 F.3d 1366, 1369 (Fed. Cir. 2006) (approving a bench trial on inequitable conduct prior to trial on validity issues); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1213 (Fed.Cir.1987) (same).

Moreover, no  matter the outcome, an  early bench trial  would promote judicial efficiency.  As noted, a win for Defendants would be dispositive, while a win for Plaintiffs would avoid the risk of the issue being raised in multiple trials.  Defendants believe the

1

issue can be efficiently tried in less than a day. Many of the facts are undisputed, leaving only a few factual disputes for the Court's resolution, as Defendants explained in opposition to XR's motion for summary judgment.[1] Thus, Defendants respectfully request an early bench trial on the issue.

## II.   BACKGROUND

### A.   XR's Inequitable Conduct

In 2009 and 2010, Aequitas (XR's predecessor-in-interest to the asserted patents) and XR filed petitions to revive the patent application that led to the patents-in-suit. The petitions to revive included certifications by Mr. Schwedler (attorney for Aequitas) and Mr. Burke (attorney for XR) that the applications had been abandoned unintentionally by their prior exclusive licensee (Catcher) and that they had conducted a reasonable investigation into the circumstances resulting in the abandonment.

As set forth in Defendants' Opposition to XR's motion for partial summary judgment, those representation were false. *See* Dkt. 477 at 8-10. Catcher had deliberately stopped paying its prosecuting attorney (Brooks) and allowed PTO deadlines to lapse. *See id.* at 9. Under the Patent Office rules, "unintentional" abandonment means a clerical oversight, not a deliberate decision to stop prosecuting or paying PTO fees. *See id.* Over a year later, Messrs. Schwedler and Burke were tasked with reviving these dead applications and, more concerned with pleasing their clients than their duty of candor to the PTO, signed petitions attesting that the applications had been abandoned unintentionally. *See id.* at 10-13. There are only two possibilities: either Messrs. Schwedler and Burke conducted an adequate investigation, learned the truth, and lied about it, or they failed to adequately investigate and gave the PTO assurances they could not give. Either way, they defrauded the PTO.

---

[1] Defendants did not file a cross motion (in significant part because their motion to amend to add an inequitable conduct defense was only granted on the date that dispositive motions were due), but agree that many facts are undisputed, even if they disagree with Plaintiff about their significance.

## B.    Procedural History

Defendants learned of the fraud described above through discovery, including depositions of Brooks, Schwedler, and Burke.  On June 22, 2022, Defendants moved for leave to amend their answers to add defenses of unclean hands and inequitable conduct.  *See* Dkt. 353.  The Court granted Defendants' motion on September 2, 2022.  *See* Dkt. 400.  The Court rejected XR's "futility" arguments, noting that at least one district court had found that a lack of reasonable investigation for a revival petition gave rise to inequitable conduct.  *See id*. at 13 (citing *3D Med. Imaging Sys., LLC v. Visage Imaging, Inc.*, 228 F. Supp. 3d 1331, 1338-39 (N.D. Ga. 2017)).

On September 2, 2022, the same day that the Court granted leave to amend, XR filed a motion for partial summary judgment of no inequitable conduct.  *See* Dkt. 418.  XR's focus was on the deposition testimony of Schwedler and Burke, and to a lesser degree, Haycox (the CEO of Catcher) and Brooks.  *See id.*  XR argued, for example, that Schwedler and Burke claim to have conducted a reasonable inquiry. *Id.* at 15-16.  Defendants opposed the motion, arguing that the same deposition evidence, together with the undisputed facts about the circumstances of the abandonment, demonstrates by clear and convincing evidence that the patents in suit should never have been revived, and that Schwedler and Burke committed inequitable conduct.  *See* Dkt. 477.

## III.    ARGUMENT

### A.    The Court Has Discretion To Set An Early Bench Trial On Inequitable Conduct

Pursuant to Rule 42(b), "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."  Fed. R. Civ. P. 42(b).  The Court must preserve any federal right to a jury trial.  *See id.*  However, as the Federal Circuit has explained, inequitable conduct is purely equitable in nature, and may be tried separately from a jury trial on patent infringement. *See Agfa*, 451 F.3d at 1369; *see also, e.g. Bravo Sports, Inc. v. N. Pole (US) LLC,* No. SA CV 05-418 DOC (MLGx), 2008 WL 11343313,

at *3 (C.D. Cal. Feb. 6, 2008) (bifurcating inequitable conduct). The parties do not dispute that bifurcation is appropriate in this case.

Furthermore, the Court has discretion to try inequitable conduct *prior* to a jury trial on patent infringement.  *See Agfa Corp.*, 451 F.3d at 1369 (approving a bench trial on inequitable conduct prior to a trial of validity); *Gardco*, 820 F.2d at 1213 (same); *see also, e.g., MySpace, Inc. v. Graphon Corp.*, 732 F. Supp. 2d 915, 917 (N.D. Cal. 2010) (bifurcating and holding early hearing on inequitable conduct); *SanDisk Corp. v. STMicroelectronics, Inc.,* No. C 04-4379 JF (RS), 2009 WL 1404689, at *2–3 (N.D. Cal. May 19, 2009) (same).

If this case is not stayed, it is particularly appropriate for an early trial on inequitable conduct, because Defendants' theory of inequitable conduct has no overlap with other issues in the case.  Inequitable conduct may be tried before invalidity even when, unlike here, both defenses relate to the same prior art, because the *issue* of inequitable conduct and the issue of invalidity are different, and "there is a fundamental difference between evidence and issues."  *Gardco*, 820 F.2d at 1213.  In this case, Defendants' inequitable conduct defense is not only a separate issue from their validity defense, but also based on entirely different facts.  XR's improper revival of the abandoned applications has nothing to do with whether the asserted claims are anticipated or obvious in light of prior art or lack written description. Thus, if an early trial of inequitable conduct was proper in *Gardco,* where there was substantial evidentiary overlap*,* it is certainly proper here.  *See id.*

**B.     An Early Trial Of Equitable Issues Will "Expedite and Economize" Resolution Of The Consolidated Cases**

Defendants' theory of inequitable conduct applies to all the patents-in-suit, and therefore has the potential to end the case.  Defendants believe that the issue could be tried in less than a day, based on deposition testimony from the 4-5 relevant fact witnesses, and live testimony from the parties' respective patent prosecution experts.   XR has not listed any "live" fact witnesses on its witness list who are relevant to this defense. *See* Ex. A.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE AND SET EARLY TRIAL DATE ON INEQUITABLE CONDUCT

Courts routinely try inequitable conduct first in the interest of judicial efficiency. *See, e.g., MySpace, Inc*, 732 F. Supp. 2d at 917 (granting early hearing on inequitable conduct in light of the "possibility that the first trial may be dispositive of the case"); *SanDisk Corp.,* 2009 WL 1404689, at *2–3 (finding that bifurcation and early trial of inequitable conduct would promote judicial economy); *Warrior Lacrosse, Inc. v. STX, L.L.C.*, No. 04-70363, 2007 WL 2421418, at *2 (E.D. Mich. Aug. 23, 2007) (granting an early bench trial on inequitable conduct because "a resolution of the claimed inequitable conduct dispute will significantly reduce the length of the trial on the remaining issues."); *McKesson Info. Sols., Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 908 (Fed. Cir. 2007) (affirming district court finding of inequitable conduct in a bench trial that rendered the jury trial on infringement "unnecessary").

A consolidated, multi-defendant action like this one creates a particularly compelling case for an early, consolidated trial of inequitable conduct. All Defendants have agreed, if this motion for an early trial is granted, to a single consolidated trial on inequitable conduct.[2] Under Plaintiff's proposal, by contrast, a loss by one Defendant would not necessarily preclude another Defendant from raising the same defense in a subsequent trial.[3] Thus, as one district court observed in granting an early bench trial on inequitable conduct, "[i]f the defendants prevail, the [patent in suit] would be unenforceable and there would be no need to continue to litigate the other patent liability issues in the seven cases that are now consolidated before me," and "even if they do not, trying the issue separately to the court will still result in significant savings of time and

---

[2] Although accused infringers are generally entitled to separate trials, accused infringers may agree to a consolidated trial. *See* 35 U.S.C. §299(c).

[3] "Non-mutual" issue preclusion prevents the loser in the first case from relitigating an issue in a later action that does not involve its first-case adversary. *See, e.g., Papst Licensing GMBH & Co. KG v. Samsung Elecs. Am., Inc.*, 924 F.3d 1243, 1251 n.2 (Fed. Cir. 2019). It would apply to Plaintiff, who would be a participant in both cases, but not to a defendant that would not have been a participant in the first case.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BIFURCATE AND SET EARLY TRIAL DATE ON INEQUITABLE CONDUCT

resources. The parties and the court would address the issue once, instead of in potentially seven separate trials." *Armament Sys. and Procedures, Inc. v. IQ Hong Kong, Ltd.*, No. 00-C-1257, 2007 WL 101230, at *6 (E.D. Wis. Jan. 10, 2007).

Furthermore, there is no potential efficiency gain from waiting to try inequitable conduct.  Even if Defendants prevail at trial on other grounds, the evidence regarding inequitable conduct will likely need to come in anyway, either during trial, or, as Plaintiffs propose, during jury deliberations.  *See Bravo Sports, Inc.*, 2008 WL 11343313, at *3 (ordering hearing on inequitable conduct during jury deliberations).  Furthermore, the issue may be relevant to attorney fees. *See Adv. Magnetic Closures, Inc. v. Rome Fastener Corp.*, 607 F.3d 817, 827 (Fed. Cir. 2010) ("a district court retains jurisdiction to consider a motion for attorney's fees under 35 U.S.C. § 285 and to make findings of inequitable conduct—even after a party has dismissed its counterclaims as to that patent.").  And finally, as the district court noted in *Armament Sys.,* even if the issues are resolved against the first defendant to go to trial, the next defendant may choose to try them again.  *See* 2007 WL 101230, at *6.  Thus, in every scenario, the Court will expedite the resolution of these actions and promote judicial efficiency by trying inequitable conduct first.

## C.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court bifurcate the issue of inequitable conduct and set it for trial at the earliest convenient date.

Dated:  October 24, 2022           Respectfully submitted,

By: */s/ Anupam Sharma*
Robert T. Haslam (SBN 71134)
rhaslam@cov.com
Anupam Sharma (SBN 229545)
asharma@cov.com
**COVINGTON & BURLING LLP**
3000 El Camino Real
5 Palo Alto Square, 10th Floor

Palo Alto, CA 94306-2112
Telephone: 650-632-4700
Fax: 650-632-4800

David A. Garr (admitted *pro hac vice*)
dgarr@cov.com
Han Park (admitted *pro hac vice*)
hpark@cov.com
Laura A. Brodkin (admitted *pro hac vice*)
lbrodkin@cov.com
Kee Young Lee (admitted *pro hac vice*)
kylee@cov.com
**COVINGTON & BURLING LLP**
850 Tenth Street NW
Washington, DC 20001-4956
Telephone: 202-662-6000
Fax: 202-662-6291

J. Hardy Ehlers (SBN 287528)
jehlers@cov.com
**COVINGTON & BURLING LLP**
1999 Avenue of the Stars, Suite 3500
Los Angeles, CA 90067-4643
Telephone: 424-332-4778
Fax: 424-332-4749

Faye Paul Teller (SBN 343506)
faye.teller@mto.com
Peter E. Gratzinger (SBN 228764)
peter.gratzinger@mto.com
**MUNGER TOLLES & OLSON LLP**
350 South Grand Avenue, 50th Floor
Los Angeles, CA 90071-3426
Telephone: 213-683-9100

*Attorneys for Defendant Aruba Networks, LLC*

7